Stanley E. Goldich (CA Bar No. 92659)
Jeffrey W. Dulberg (CA Bar No. 181200)
Scotta E. McFarland (CA Bar No. 165391)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067-4100
Email:  sgoldich@pszjlaw.com
        jdulberg@pszjlaw.com
        smcfarland@pszjlaw.com
Telephone: 310/277-6910
Facsimile:  310/201-0760

Counsel for the Liquidating Trusts
of PCHLI, PCFI, and PCFC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**PEOPLE'S CHOICE HOME LOAN, INC.,** *et al.*, [1]<br><br>Debtors. | Case No.: 2:12-bk-15811-RK<br>Chapter 11<br><br>(Jointly Administered with Case Nos. 2:12-bk-16200-RK and 2:12-bk-16201-RK)<br><br>(Transferred from 8:07-bk-10765-RK and Jointly Administered with 8:07-bk-10767-RK and 8:07-bk-10772-RK)<br><br>**NOTICE OF MOTION AND MOTION OF THE PC TRUSTS FOR ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE PC TRUSTS AND MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-HE3 REGARDING CLAIM NO. 466; MEMORANDUM OF POINTS AND AUTHORITIES;  DECLARATION OF TAMARA D. McGRATH IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:          August 21, 2012<br>Time:          2:30 p.m.<br>Place:         Courtroom 1675<br>               255 E. Temple Street<br>               Los Angeles, CA 90012<br>Judge:         Hon. Robert N. Kwan |

[1] The Debtors in these cases were People's Choice Home Loan, Inc.; People's Choice Funding, Inc.; and People's Choice Financial Corporation.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE, ALL PARTIES REQUESTING SPECIAL NOTICE, MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-HE3, THE OFFICE OF THE UNITED STATES TRUSTEE AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that the Liquidating Trusts of People's Choice Home Loan, Inc. ("PCHLI"), People's Choice Funding, Inc. ("PCFI"), and People's Choice Financial Corporation ("PCFC") (collectively, the "PC Trusts" and formerly the "Debtors"), by and through Ronald F. Greenspan, solely as the duly authorized and acting Liquidating Trustee for each of the PC Trusts (the "Liquidating Trustee") under the confirmed chapter 11 Plan in the Debtors' cases hereby moves (the "Motion")[2] the Bankruptcy Court for entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a) approving the settlement between the PC Trusts and Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE3 ("MLMI") of claim number 466 ("Claim No. 466") filed against PCHLI, subject to the terms and conditions of, and as more fully set forth in, that Repurchase Claim Settlement Agreement between the PC Trusts and MLMI (the "Settlement Agreement"), a copy of which is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that Claim No. 466 was filed as a general unsecured claim against PCHLI in the amount of $2,781,211.00 for damages suffered as a result PCHLI's alleged breaches and repurchase obligations, premium recapture claims and indemnifications claims under the Mortgage Loan Purchase Agreement.[3]  Pursuant to the Settlement Agreement, Claim No. 466 will be reduced and allowed as a general, unsecured, non-priority claim against PCHLI under the Plan in the amount of $1,264,303.00.  The $1,264,303 allowed amount of Claim No. 466 against PCHLI shall be allocated to the Mortgage Loans and in the amounts as set forth in the Settlement

---

[2] Capitalized terms not otherwise defined in this Motion shall have the meaning given them in the Settlement Agreement (defined below).

[3] PCHLI and Merrill Lynch Mortgage Lending, Inc. ("MLML") entered into the Mortgage Loan Purchase Agreement dated November 3, 2006.  Prior to March 20, 2007 (the "Petition Date"), MLMI alleges and represents that (1) MLML assigned all its rights, title and interest in the mortgage loans sold by PCHLI to MLML pursuant to the Mortgage Loan Purchase Agreement (the "Mortgage Loans") to MLMI and (2) MLMI transferred the same rights, title and interest in the Mortgage Loans to LaSalle National Bank Association as Trustee for MLMI.  After the Petition Date, US Bank National Association succeeded to LaSalle National Bank Association as Trustee of MLMI.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Agreement and Exhibit A thereto.  Exhibit A to the Settlement Agreement sets forth (a) the

Mortgage Loans that the parties have agreed PCHLI had an obligation to repurchase as a result of an

early payment default for which MLMI incurred and established damages, and (b) the agreed

amount of MLMI's damages for each of the identified Mortgage Loans.  Pursuant to the Settlement

Agreement, Claim No. 466 will be reduced to approximately 45% of its filed amount.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion

and Motion, the Memorandum of Points and Authorities and Declaration of Tamara D. McGrath

attached hereto, the records and pleadings on file in these cases and such further oral and

documentary evidence as may be presented at any hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires that

any objection or response to the Motion be filed with the Bankruptcy Court and served upon

undersigned counsel for the Debtor at least fourteen (14) days prior to the hearing date.  Pursuant to

Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve written opposition may be

deemed by the Bankruptcy Court to be consent to the granting of the relief requested in the Motion

and the relief sought in this Motion may be granted without further notice.

**WHEREFORE** the PC Trusts respectfully request that this Bankruptcy Court enter an order

(i) approving the Settlement Agreement, (ii) authorizing the PC Trusts to enter into and take any and

all actions reasonably necessary to effectuate the Settlement Agreement, (iii) reducing and allowing

Claim No. 466 as a general, unsecured, non-priority claim against PCHLI in the amount of

$1,264,303, (iv) providing that MLMI's allowed claim is allocated to the Mortgage Loans and in the

amounts as set forth in the Settlement Agreement and Exhibit A thereto, and (v) granting such other

and further relief as the Bankruptcy Court deems just and proper.

Dated:    July 30, 2012                PACHULSKI STANG ZIEHL & JONES LLP


                                       By    /s/ Stanley E. Goldich
                                             Stanley E. Goldich
                                             Jeffrey W. Dulberg
                                             Scotta E. McFarland

                                             Counsel for the Liquidating Trusts of PCHLI,
                                             PCFI, and PCFC

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:251625.9 30395-005

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

MLMI[4] filed Claim No. 466 as a general unsecured claim against PCHLI in the amount of $2,781,211.00 for alleged damages suffered as a result of PCHLI's alleged breaches, repurchase obligations, premium recapture claims and indemnification claims under the subject Mortgage Loan Purchase Agreement.  After reviewing Claim No. 466 and certain documents provided by MLMI to the Debtors in support of Claim No. 466, the Liquidating Trustee requested additional supporting information and documents concerning the alleged breaches, repurchase obligations, losses and damages asserted in Claim No. 466.  In response, MLMI provided a revised loan schedule setting forth loss amounts involving eight (8) loans with total alleged losses of $1,946,587.88, all of which involved alleged early payment defaults ("EPDs"), MLMI also provided some additional supporting documents.

The Liquidating Trustee and MLMI thereafter negotiated in good faith to resolve objections of the Liquidating Trustee to Claim No. 466 and, as a result, agreed to a settlement of Claim No. 466 providing that Claim No. 466 be reduced and allowed as a general unsecured claim against PCHLI in the amount of $1,264,303 with this allowed amount allocated to the Mortgage Loans and in the amounts as set forth in the Settlement Agreement and Exhibit A thereto.  Exhibit A attached to the Settlement Agreement, sets forth (a) the Mortgage Loans that the parties have agreed PCHLI had an obligation to repurchase as a result of an early payment default for which MLMI incurred and established damages, and (b) the agreed amount of MLMI's damages for each of the identified Mortgage Loans.  As discussed further below, the proposed settlement between the Liquidating Trustee and MLMI is fair and reasonable and in the best interests of creditors and the PC Trusts and should be approved.

---

[4] Capitalized terms used in this *Memorandum of Points and Authorities* shall have the meaning given them in the annexed *Motion of the PC Trusts for Order Approving Settlement Agreement Between the PC Trusts and Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE3 Regarding Claim No. 466.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## II.

## STATEMENT OF FACTS

### A.    Background of Bankruptcy

Each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended, modified or supplemented, the "Bankruptcy Code") in the Bankruptcy Court for the Central District of California (the "Court") on March 20, 2007, commencing the Cases.

On August 6, 2008, the Court entered its order (the "Confirmation Order") confirming the *Committee's First Amended Liquidating Plan under Chapter 11 of the Bankruptcy Code* (the "Plan"). The "Effective Date," under and as defined in the Plan, occurred on August 12, 2008. On the Effective Date of the Plan, and subject to the terms and conditions of the Plan and Confirmation Order, among other things, the Liquidating Trust Agreements for each of the PC Trusts became effective, and Ronald Greenspan, solely as the duly authorized and acting Liquidating Trustee for the PC Trusts began to manage and administer the PC Trusts.

Pursuant to the Plan, and subject to the terms and conditions of the Plan, the Confirmation Order and the Liquidating Trust Agreements, the Liquidating Trustee is directed to administer the PC Trusts by, among other things:  (i) reducing remaining property to cash; (ii) evaluating claims against the Former Debtors and objecting to, allowing or otherwise resolving such claims; (iii) evaluating and pursuing, releasing or otherwise resolving affirmative relief against third-parties; and (iv) making distributions of cash to Beneficiaries under and as defined in the Liquidating Trust Agreements.  The Plan provides that the Liquidating Trustee is the representative of the estates under 11 U.S.C. § 1123(b)(3)(B), and is a liquidator of the assets of the estates.

### B.    The Claim

On August 31, 2007, MLMI filed a proof of claim in the PCHLI chapter 11 case that was identified as Claim No. 466. Claim No. 466 was filed as a general unsecured claim against PCHLI in the amount of $2,781,211 for alleged damages suffered as a result of alleged breaches and repurchase obligations of PCHLI as well as premium recapture claims and indemnification claims under the Mortgage Loan Purchase Agreement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  After reviewing Claim No. 466 and certain documents provided by MLMI to the Debtors in

2  support of Claim No. 466, the Liquidating Trustee requested additional supporting information and

3  documents concerning the alleged breaches, repurchase obligations, losses and damages asserted in

4  Claim No. 466.  In response, MLMI provided a revised loan schedule setting forth asserted loss

5  amounts involving eight (8) loans with total alleged losses of $1,946,587.88, all of which involved

6  alleged early payment defaults ("EPDs"), MLMI also provided some additional supporting

7  documents.  The Liquidating Trustee and MLMI thereafter negotiated in good faith to  resolve

8  objections of the Liquidating Trustee to Claim No. 466 and agreed to a settlement of Claim No. 466

9  summarized below.

10  **III.**

11  **THE SETTLEMENT AGREEMENT**

12  The principal terms of the Settlement Agreement are as follows:[5]

13  1.  Claim No. 466 shall be reduced and allowed as a general, unsecured, non-priority claim

14  against PCHLI under the Plan in the amount of $1,264,303; and

15  2.  The allowed amount of Claim No. 466 shall be allocated to the Mortgage Loans and in the

16  amounts as set forth in the Settlement Agreement and Exhibit A thereto. Exhibit A sets forth (a) the

17  Mortgage Loans that the parties have agreed PCHLI had an obligation to repurchase as a result of an

18  early payment default for which MLMI incurred and established damages, and (b) the agreed

19  amount of MLMI's damages for each of the identified Mortgage Loans.

20  **IV.**

21  **THE COURT SHOULD APPROVE THE PROPOSED**
22  **COMPROMISE PURSUANT TO BANKRUPTCY RULE 9019**

23  A.  **Standard for Approval of Compromise Under Bankruptcy Rule 9019**

24  "The law favors compromise and not litigation for its own sake. . . ."  *Martin v. Kane (In re*

25  *A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *see also Marandas v. Bishop (In re*

26  *Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993) (noting that compromises are favored in bankruptcy).

27  [5] The complete  Settlement Agreement is attached as **Exhibit 1** hereto.  While the summary of the principal terms herein
is intended to be accurate, parties in interest should read the full Settlement Agreemetn for the complete terms and if

28  there is any discrepancy between the summary contained herein and the Settlement Agreement, the terms of the
Settlement Agreement shall control.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

DOCS_LA:251625.9 30395-005

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Rule 9019(a) of the Bankruptcy Rules ("Rule 9019(a)") provides in relevant part that "[o]n motion

2    by the trustee and after notice and hearing, the court may approve a compromise or settlement."

3    Rule 9019(a) commits the approval or denial of a settlement to the sound discretion of the

4    bankruptcy court. *See In re Stein,* 236 B.R. 34, 37 (D. Or. 1999).  The bankruptcy court, however,

5    should not substitute its own judgment for the judgment of a trustee or a debtor.  *See In re Carla*

6    *Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985).

7    When deciding whether to approve a settlement, the bankruptcy court must determine if the

8    settlement is reasonable under the circumstances of the case, fair and equitable, and in the best

9    interest of the estate.  *See A & C Props.*, 784 F.2d at 1381.  The court is neither required to conduct

10   a mini-trial on the merits of the settlement, *Port O'Call Invest. Co. v. Blair (In re Blair)*, 538 F.2d

11   849, 851 (9th Cir. 1976), nor to determine that the settlement amount is the amount that would

12   have been paid had the matter been litigated.  The court need only "canvass the issues and see

13   whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v.*

14   *Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein,* 464

15   F.2d 689, 693 (2d Cir. 1972)); In re *Pacific Gas and Elec. Co.*, 304 B.R. 395, 417 (Bankr. N. D.

16   Cal. 2004); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

17   The U.S. Supreme Court stated in *Protective Committee v. Anderson*, 390 U.S. 414, 424

18   (1968), that in order to approve a proposed settlement under the then-extant Bankruptcy Act, a

19   court must have found that the settlement was "fair and equitable" based on an "educated estimate

20   of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of

21   collecting on any judgment which might be obtained and all other factors relevant to a full and fair

22   assessment of the wisdom of the proposed compromise."  The Ninth Circuit Court of Appeals has

23   reiterated that in determining the fairness, reasonableness, and adequacy of a proposed settlement

24   agreement, a court should consider the following factors:  (1) the probability of success in

25   litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the

26   complexity of the litigation involved and the expense, inconvenience and delay necessarily

27   attending it; and (4) the paramount interest of the creditors and the proper deference to their

28   reasonable views in the premises (collectively, the "Woodson Factors").  *See Woodson v.*

*Fireman's Fund Ins. Co. (In re Woodson)*, 839 F. 2d 610, 620 (9th Cir. 1988) (quoting *A & C Props.*, 784 F.2d at 1380).  It is not necessary that all of the conclusions reached in the consideration of each of the Woodson Factors support the settlement, but taken as a whole, those conclusions must favor the approval of the settlement.  *See Pacific Gas*, 304 B.R. at 417 (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)).

**B.    The Settlement Satisfies the Rule 9019 Standard**

As discussed below, the conclusions that must be drawn from a reasoned consideration of the Woodson Factors support Court approval of the proposed Settlement.

**1.    Probability of Success**

The Liquidating Trustee has evaluated the probability of success, the merits of any litigation that might result if the disputes between the parties regarding Claim No. 466 are not settled, and the risks and costs inherent with litigation.  Based on the documents provided in support of Claim No. 466, the Liquidating Trustee believes there are grounds for objection to a substantial portion of Claim No. 466 based on (i) the reduced amount of $1,946,587.88 set forth in MLMI's revised loan schedule, (ii) incomplete documentary support for most of the loss calculations, certain of which appear to or may include some unmatured, post-petition interest, and (iii) the lack of complete servicing history relating to mitigation efforts of MLMI.

However, the ultimate outcome of litigation on Claim No. 466 is uncertain and could depend on additional support that may be provided by MLMI in litigation on allowance of Claim No. 466 and there is a risk that the allowed amount could be substantially greater than the amount agreed to in the Settlement Agreement.  Additionally, if contested, litigation regarding Claim No. 466 could be expensive and time consuming.  In addition to the reduction in Claim No. 466 from over $2.7 million to an allowed claim of $1,264,303 achieved by the Settlement Agreement this potential substantial cost is avoided and the settlement is more favorable to the PC Trusts than resolution of Claim No. 466 through litigation.

**2.    Difficulties With Collection**

This factor is not applicable in this instance.

**3.    Complexity of the Litigation**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Disputes regarding the claim asserted by MLMI do not involve notice and breach issues as the documentation submitted by MLMI established the asserted EPD breaches and repurchase obligations of PCHLI, however the determination of the losses incurred by MLMI and mitigation efforts of MLMI involve extensive documentary evidence. Litigation of the Liquidating Trustee's objections to Claim No. 466 could therefor involve very extensive and time-consuming investigation and discovery and the outcome of objections based on the adequacy of proof of losses and the failure of MLMI to provide adequate evidence regarding mitigation is also uncertain. Approval of the Settlement Agreement will eliminate the need for the PC Trusts to deal with these complexities and uncertainties resulting in a substantial cost savings to the PC Trusts.

**4.** **Interests of Creditors**

The unsecured creditors of PCHLI who are now the beneficiaries of the PCHLI Liquidating Trust (the "PCHLI Trust") are substantially benefitted by the settlement because it results in the reduction of MLMI's filed unsecured claim by more than $1.5 million. This substantial reduction in the amount of Claim No. 466 will enhance recoveries payable by the PCHLI Trust on allowed unsecured claims against PCHLI. Further, as discussed above, the settlement avoids litigation costs as well as the delay and uncertainty of litigation.

Based on the foregoing, the Liquidating Trustee submits that the Settlement Agreement is fair and reasonable and in the best interest of unsecured creditors who are beneficiaries of the PCHLI Trust, and should be approved by this Court.

**C.** **Adequate Notice of Motion Has Been Given**

The Liquidating Trustee has given notice of the Motion to (i) MLMI, (ii) the members of the Post Effective Date Committee under the Debtors' confirmed Plan, (iii) each person or entity who has filed a request for post-confirmation notice in accordance with ¶ 56 of the Confirmation Order, (iv) counsel for the defendants in the Adversary Proceeding No 2: 12-AP-01240-RK and the arbitration relating to certain of the claims therein, and (v) the Office of the United States Trustee. Accordingly, adequate notice has been given.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## IV.

## <u>CONCLUSION</u>

For the reasons set forth above, the Liquidating Trustee respectfully requests that the Court enter an order (i) approving the Settlement Agreement, (ii) authorizing the PC Trusts to enter into and take any and all actions reasonably necessary to effectuate the Settlement Agreement, (iii) reducing and allowing Claim No. 466 as a general, unsecured, non-priority claim against PCHLI in the amount of $1,264,303, (iv) providing that the Allowed MLMI Claim is allocated to the Mortgage Loans and in the amounts as set forth in the Settlement Agreement and Exhibit A thereto, and (v) granting such other and further relief as the Court deems just and proper.

Dated:    July 30, 2012                    PACHULSKI STANG ZIEHL & JONES LLP


                                    By    /s/ *Stanley E. Goldich*
                                          Stanley E. Goldich
                                          Jeffrey W. Dulberg
                                          Scotta E. McFarland

                                          Counsel for the Liquidating Trusts of PCHLI,
                                          PCFI, and PCFC

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:251625.9 30395-005

1

## DECLARATION OF TAMARA D. McGRATH

2

3    I, Tamara D. McGrath, declare as follows:

4    1.    I am a Managing Director of Corporate Finance at FTI Consulting, Inc. ("FTI"). My

5    involvement in these Cases (as defined below) began in March 2007, when FTI began service as

6    financial advisor to the Official Committee of Unsecured Creditors. I now assist Ronald F.

7    Greenspan in his capacity as the duly authorized and acting Liquidating Trustee (the "Liquidating

8    Trustee") for each of the Liquidating Trusts of People's Choice Home Loan, Inc., People's Choice

9    Funding, Inc., and People's Choice Financial Corporation (collectively , the "PC Trusts"), appointed

10   in the Chapter 11 cases (the "Cases") of People's Choice Home Loan, Inc. and affiliated debtors

11   (collectively, the "Debtors"). My business address is 633 West Fifth Street, 16th Floor, Los Angeles,

12   CA  90071.

13   2.    This Declaration is submitted in support of the *Motion of the PC Trusts for Order*

14   *Approving Settlement Agreement Between the PC Trusts and Merrill Lynch Mortgage Investors*

15   *Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-He3 Regarding Claim No. 466* (the

16   "Motion"). Capitalized terms used but not defined in this declaration have the meanings ascribed to

17   such terms in the Motion. I make this declaration based upon my personal knowledge, and if called

18   upon to do so, I could and would competently testify to the facts set forth herein.

19   3.    I am responsible for overseeing various aspects of the claims review and objection

20   process for the PC Trusts and the Liquidating Trustee in these Cases. In that capacity, I have

21   reviewed, or directed others to review, the "warehouse" and "repurchase" claims filed against the

22   Debtors (collectively the "Financial Institution Claims").

23   4.    On August 31, 2007, MLMI filed a proof of claim in the PCHLI chapter 11 case that

24   was identified as Claim No. 466. Claim No. 466 was filed as a general unsecured claim against

25   PCHLI in the amount of $2,781,211 for alleged damages suffered as a result of alleged breaches and

26   repurchase obligations of PCHLI as well as premium recapture claims and indemnification claims

27   under the Mortgage Loan Purchase Agreement

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5.      After reviewing Claim No. 466 and certain documents provided by MLMI to the Debtors in support of Claim No. 466, the Liquidating Trustee requested additional supporting information and documents concerning the alleged breaches, repurchase obligations, losses and damages asserted in Claim No. 466.  In response, MLMI provided a revised loan schedule setting forth asserted loss amounts involving eight (8) loans with total alleged losses of $1,946,587.88, all of which involved alleged early payment defaults ("EPDs") and additionally provided some supporting documents.  The Liquidating Trustee and MLMI thereafter negotiated in good faith to  resolve objections of the Liquidating Trustee to Claim No. 466 and agreed to a settlement of Claim No. 466 as set forth in the Settlement Agreement attached as Exhibit 1 to the Motion.

6.      The Liquidating Trustee has evaluated the probability of success, the merits of any litigation that might result if the disputes between the parties regarding Claim No. 466 are not settled, and the risks and costs inherent with litigation.  Based on the documents provided in support of Claim No. 466, the Liquidating Trustee believes there are grounds for objection to a substantial portion of Claim No. 466 based on (i) the reduced amount of $1,946,587.88 set forth in MLMI's revised loan schedule, (ii) incomplete documentary support for most of the loss calculations, certain of which appear to or may include some unmatured, post-petition interest, and (iii) the lack of complete servicing history relating to mitigation efforts of MLMI.

7.      However, the ultimate outcome of litigation on Claim No. 466 is uncertain and could depend on additional support that may be provided by MLMI in litigation on allowance of Claim No. 466 and there is a risk that the allowed amount could be substantially greater than the amount agreed to in the Settlement Agreement.  Additionally, if contested, litigation regarding Claim No. 466 could be expensive and time consuming.  In addition to the reduction in Claim No. 466 from over $2.7 million to an allowed claim of $1,264,303 achieved by the Settlement Agreement this potential substantial cost is avoided and the settlement is more favorable to the PC Trusts than resolution of Claim No. 466 through litigation.

8.      Disputes regarding the claim asserted by MLMI do not involve notice and breach issues as the documentation submitted by MLMI established the asserted EPD breaches and repurchase obligations of PCHLI, however the determination of the losses incurred by MLMI and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12

mitigation efforts of MLMI involve extensive documentary evidence.  Litigation of the Liquidating Trustee's objections to Claim No. 466 could therefor involve very extensive and time-consuming investigation and discovery and the outcome of objections based on the adequacy of proof of losses and the failure of MLMI to provide adequate evidence regarding mitigation is also uncertain. Approval of the Settlement Agreement will eliminate the need for the PC Trusts to deal with these complexities and uncertainties resulting in a substantial cost savings to the PC Trusts.

9.    The unsecured creditors of PCHLI who are now the beneficiaries of the PCHLI Trust are substantially benefitted by the settlement because it results in the reduction of MLMI's filed unsecured claim by more than $1.5 million.  This substantial reduction in the amount of Claim No. 466 will enhance recoveries payable by the PCHLI Trust on allowed unsecured claims against PCHLI.  Further, as discussed above, the settlement avoids litigation costs as well as the delay and uncertainty of litigation.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 28, 2012 at Los Angeles, California.

Tamara D. McGrath

DOCS_LA:251625.9 30395-005

# EXHIBIT 1

## REPURCHASE CLAIM SETTLEMENT AGREEMENT

In re: People's Choice Home Loan, Inc., et al (8:07-10765-RK jointly administered with
8:07-10767-RK and 8:07-10772-RK)

This Settlement Agreement (the "Settlement Agreement") is entered into by and between Ronald F. Greenspan, in his representative capacity as the Trustee (the "Liquidating Trustee") of the Liquidating Trust of People's Choice Home Loan, Inc (the "PCHLI Trust"), the Liquidating Trust of People's Choice Funding, Inc. (the "PCFI Trust") and the Liquidating Trust of People's Choice Financial Corporation (the "PCFC Trust") (the PCHLI Trust, the PCFI Trust and the PCFC Trust, collectively, the "PC Trusts"), on the one hand, and U.S. Bank National Association, as Trustee under the terms of the Pooling and Servicing Agreement dated as of May 1, 2007 (the "Trust Agreement") for the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007 – HE3 ("Claimant"), on the other hand, by and through those parties or their counsel, and is based on the following recitals:

## RECITALS

A.     On or about March 20, 2007, each of People's Choice Home Loan, Inc. ("PCHLI"), People's Choice Funding, Inc. and People's Choice Financial Corporation (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Cases") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Bankruptcy Court").

B.     On or about August 6, 2008, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Committee's First Amended Liquidating Plan under Chapter 11 of the Bankruptcy Code (the "Plan"). The Plan became effective on or about August 12, 2008. On the effective date of the Plan, and subject to the terms and conditions of the Plan and Confirmation Order, among other things, the "Liquidating Trust Agreement" for each of the PC Trusts became effective, and the Liquidating Trustee began to manage and administer the PC Trusts subject to the terms and conditions of the Liquidating Trust Agreements.

C.     Pursuant to the Plan, and subject to the terms and conditions of the Plan, the Confirmation Order and the Liquidating Trust Agreement, the Liquidating Trustee is directed to administer the PC Trusts by, among other things, (i) reducing remaining property to cash, (ii) evaluating claims against the Debtors and objecting to, allowing or otherwise resolving such claims, (iii) evaluating and pursuing, releasing or otherwise resolving affirmative relief against third-parties, and (iv) making distributions of cash to Beneficiaries under and as defined in the Liquidating Trust Agreements.

D.     PCHLI as Seller and Interim Servicer and Merrill Lynch Mortgage Lending, Inc. ("MLML") as Purchaser entered into a Master Mortgage Loan Purchase and Interim Servicing Agreement dated as of November 1, 2006, as amended, supplemented or modified by a letter agreement between MLML and PCHLI dated November 3, 2006 and other related documents (collectively, the "Mortgage Loan Purchase Agreement"). Pursuant to the Mortgage Loan Purchase Agreement, PCHLI made representations, warranties and covenants pertaining to mortgage loans (the "Mortgage Loans") sold by PCHLI to MLML. Prior to the Petition Date, Claimant alleges and represents that (1) MLML assigned all its rights title and interest in the

Mortgage Loans and the Mortgage Loan Purchase Agreement to Merrill Lynch Mortgage Investors, Inc. ("MLMI") pursuant to the Mortgage Loan Sale and Assignment Agreement, dated as of May 1, 2007, between MLML and MLMI, and (2) MLMI transferred the same rights, title and interest in the Mortgage Loans to LaSalle National Bank Association as Trustee for Claimant pursuant to the Trust Agreement. Since the Petition Date, US Bank National Association has succeeded to LaSalle National Bank Association as Trustee of Claimant under the Trust Agreement.

E.     On August 31, 2007, Claimant filed a proof of claim in PCHLI's chapter 11 case (the "Proof of Claim") identified as Claim No. 466 asserting a general unsecured claim against PCHLI in the amount of $2,781,211.00 for damages suffered as a result of alleged breaches and repurchase obligations of PCHLI and premium recapture and indemnification claims under the Mortgage Loan Purchase Agreement.

F.     The Debtors and subsequently the Liquidating Trustee requested additional information and documents in support of the Proof of Claim, including with respect to the validity of the asserted breaches and the appropriateness and amount of the asserted losses, and the parties have negotiated in good faith to resolve the Proof of Claim and objections of the Liquidating Trustee thereto. The terms of the parties' agreement are memorialized below.

G.     Based on the Liquidating Trustee's review of the documentation provided by the Claimant in support of the asserted early payment default defaults and the amount of damages incurred by the Claimant relating thereto, the Liquidating Trustee determined that the Allowed MLMI Claim (defined below) should be allocated to the Mortgage Loans and in the amounts as set forth on **Exhibit A** hereto.

**TERMS**

Based on the mutual promises contained herein and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1.     Recitals Acknowledged. The foregoing recitals are true and correct to the best of the parties' knowledge, and are hereby adopted by the parties.

2.     Allowance of General Unsecured Claim. The PC Trusts and Claimant hereby agree that Claim No. 466 shall be reduced and allowed as a general, unsecured, non-priority claim under the Debtors' Plan in the amount of $1,264,303 (the "Allowed MLMI Claim"). The Allowed MLMI Claim shall be allocated to the Mortgage Loans and in the amounts set forth on **Exhibit A** hereto which sets forth (a) the Mortgage Loans that the parties have agreed PCHLI had an obligation to repurchase as a result of an early payment default ("EPD") for which Claimant incurred and established damages, and (b) the agreed amount of the Claimant's damages for each of the identified Mortgage Loans.

3.     Amendment to Proof of Claim. This Settlement Agreement serves as Claimant's "Amended Claim." After the Effective Date, the Trustee will update the claims management database to reflect the allowance of the Amended Claim and will provide a copy of the Settlement Agreement to Kurtzman Carson Consultants LLC, the Debtors' Claims Agent. No further action need be taken by Claimant with respect to its Proof of Claim or the Amended

2

Claim. By signing this Settlement Agreement, Claimant agrees and warrants that the Amended Claim, deemed allowed by this Settlement Agreement, is the sole claim that Claimant has, could assert, and will assert against the Liquidating Trustee, the Debtors, and/or the PC Trusts.

4.   Effective Date of this Settlement Agreement. This Settlement Agreement shall become effective and binding upon approval by the Bankruptcy Court in the Debtors' Cases (the "Effective Date").

5.   Authority. US Bank National Association represents that it is the Trustee for the Claimant under the terms of the Trust Agreement and executes this Settlement Agreement solely in its capacity as Trustee. By signing this Settlement Agreement, each of the signatories hereto represents that it has the full authority and power to enter into this Settlement Agreement on behalf of the PC Trusts or the Claimant as provided, and this Settlement Agreement is the legal, valid and binding obligation thereof. Neither U.S. Bank National Association, in its individual capacity, nor its officers, directors, shareholders, employees, or agents, shall have any liability or obligation hereunder.

6.   No Prior Assignments. Each party represents that it has not pledged, transferred, or assigned to any third party any right, interest, or claim being transferred, conveyed, released or compromised pursuant to this Settlement Agreement, and such party shall indemnify the other Party from and against a third party asserting such a pledge, transfer or assignment of any such right, interest, or claim.

7.   Binding on Successors. This Settlement Agreement is intended by the parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary or affiliated entity of each party.

8.   Negotiation of Agreement. Each of the parties and their respective counsel has participated in the negotiation of the terms of this Settlement Agreement. All parties hereto represent and warrant that they have carefully read and fully understand all of the provisions of this Settlement Agreement and that they have voluntarily and knowingly signed this Settlement Agreement. This Settlement Agreement shall not be construed for or against either party based on the extent of either party's involvement with its drafting.

9.   Entire Agreement. This Settlement Agreement is the entire agreement between the parties with respect to the subject matter hereof. This Settlement Agreement supersedes all prior and contemporaneous oral and written agreements and discussions among the parties concerning the subject matter of this Settlement Agreement.

10.   Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the law of the State of California, without regard to the principles thereof regarding conflicts of laws. The parties agree that the Bankruptcy Court shall have exclusive jurisdiction to determine all matters relating to this Settlement Agreement and consent to venue in such Court.

11.   Counterparts and Signatures. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument. Facsimile signatures, or signatures transferred in

DOCS_LA:251244.9 30395-005

PDF format, shall be treated as original signatures for all purposes.

    12.   <u>Attorneys' Fees</u>. Each party shall bear its or their own attorneys' fees, court costs and related expenses incurred by or on behalf of said party in connection with this Settlement Agreement.

    13.   <u>Headings</u>. Headings within this Settlement Agreement are for convenient reference only and have no effect in limiting or extending the language of the provisions to which they refer.

Dated: May \_\_\_, 2012        _____
                              Ronald F. Greenspan
                              as Trustee of the PCHLI, PCFI and PCFC
                              Liquidating Trusts

Dated: May 30, 2012        _____

                              US Bank National Association, solely in its capacity as Trustee under the terms of the Pooling and Servicing Agreement dated as of May 1, 2007 for the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007 – HE3

Approved as to form:
This 20ᵗʰ day of May 2012:

Pachulski Stang Ziehl & Jones LLP

By _____
Stanley E. Goldich
Attorneys for the Liquidating Trustee

Approved as to form:
This \_\_\_\_\_ day of May 2012:

Chapman and Cutler LLP

By _____
Franklin H. Top, III
Attorneys for the US Bank National Association
as Trustee of the Merrill Lynch Mortgage
Investors Trust, Mortgage Loan Asset-Backed
Certificates, Series 2007-HE3

DOCS_LA:251244.9 30395-005

PDF format, shall be treated as original signatures for all purposes.

      12.    <u>Attorneys' Fees</u>. Each party shall bear its or their own attorneys' fees, court costs and related expenses incurred by or on behalf of said party in connection with this Settlement Agreement.

      13.    <u>Headings</u>.  Headings within this Settlement Agreement are for convenient reference only and have no effect in limiting or extending the language of the provisions to which they refer.

Dated: ~~May~~ July 24, 2012

Ronald F. Greenspan
as Trustee of the PCHLI, PCFI and PCFC
Liquidating Trusts

Dated: May ___, 2012

US Bank National Association, solely in its capacity as Trustee under the terms of the Pooling and Servicing Agreement dated as of May 1, 2007 for the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007 – HE3

Approved as to form:
This _____ day of May 2012:

Pachulski Stang Ziehl & Jones LLP

By _____
Stanley E. Goldich
Attorneys for the Liquidating Trustee

Approved as to form:
This _____ day of May 2012:

Chapman and Cutler LLP

By _____
Franklin H. Top, III
Attorneys for the US Bank National Association
as Trustee of the Merrill Lynch Mortgage
Investors Trust, Mortgage Loan Asset-Backed
Certificates, Series 2007-HE3

4

DOCS_LA:251244.9 30395-005

EXHIBIT A

**People's Choice Home Loan, Inc.**
**Merrill Lynch Mortgage Investors Trust**

| PC Loan # | Servicer Loan No. | Merrill Loan No. | Repurchase Reason | Governing Document(s) | Repurch Reason Breached Term(s) Sections | Allowed Amount |
|---|---|---|---|---|---|---|
| 10394712 | 4192454 | 10394712 | EPD | Master Mortgage Loan Purchase and Interim Serivicing Agreement, 11/1/06; Trade Confirmation, 11/3/06 | 7.04(a) | $ 63,272 |
| 10394661 | 4192445 | 10394661 | EPD | Master Mortgage Loan Purchase and Interim Serivicing Agreement, 11/1/06; Trade Confirmation, 11/3/06 | 7.04(a) | 189,782 |
| 10376605 | 4187375 | 10376605 | EPD | Master Mortgage Loan Purchase and Interim Serivicing Agreement, 11/1/06; Trade Confirmation, 11/3/06 | 7.04(a) | 212,518 |
| 10390797 | 4194618 | 10390797 | EPD | Master Mortgage Loan Purchase and Interim Serivicing Agreement, 11/1/06; Trade Confirmation, 11/3/06 | 7.04(a) | 119,055 |
| 10389649 | 4185223 | 10389649 | EPD | Master Mortgage Loan Purchase and Interim Serivicing Agreement, 11/1/06; Trade Confirmation, 11/3/06 | 7.04(a) | 251,237 |
| 10373339 | 4196939 | 10373339 | EPD | Master Mortgage Loan Purchase and Interim Serivicing Agreement, 11/1/06; Trade Confirmation, 11/3/06 | 7.04(a) | 269,763 |
| 10389343 | 4195473 | 10389343 | EPD | Master Mortgage Loan Purchase and Interim Serivicing Agreement, 11/1/06; Trade Confirmation, 11/3/06 | 7.04(a) | 158,677 |
| 10368663 | 4189847 | 10368663 | EPD | Master Mortgage Loan Purchase and Interim Serivicing Agreement, 11/1/06; Trade Confirmation, 11/3/06 | 7.04(a) | - |
| Total | | | | | | $ 1,264,303 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION OF THE PC TRUSTS FOR ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE PC TRUSTS AND MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-HE3 REGARDING CLAIM NO. 466;  MEMORANDUM OF POINTS AND AUTHORITIES;  DECLARATION OF TAMARA D. MCGRATH IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 30, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On July 30, 2012, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 30, 2012, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Via Hand Delivery</u>
Hon. Robert Kwan
United States Bankruptcy Court
255 E. Temple Street, Suite 1682
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July  30, 2012 | Megan Wertz | *Megan Wertz* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

# F 9013-3.1.PROOF.SERVICE

DOCS_LA:251625.9 30395-005

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Jose D Alarcon     jalarcon@bettzedek.org
- Daniel L Alexander     daniel@colemanfrost.com
- Todd M Arnold     tma@lnbyb.com
- Alvin M Ashley     mashley@irell.com
- Daniel I Barness     daniel@spiromoss.com
- Henkie F Barron     hbarron@winston.com, docketsf@winston.com
- Richard J Bauer     rbauer@mileslegal.com
- Ron Bender     rb@lnbyb.com
- Andrew W Caine     acaine@pszyjw.com
- Rebecca J Callahan     rcallahan@callahanlaw.biz
- Theodore A Cohen     tcohen@sheppardmullin.com, amontoya@sheppardmullin.com
- Deborah Conley     bkmail@prommis.com
- Vincent M Coscino     vcoscino@allenmatkins.com, jaallen@allenmatkins.com
- Paul J Couchot     pcouchot@winthropcouchot.com, pj@winthropcouchot.com
- Theron S Covey     tcovey@coveylawpc.com
- Kevin A Crisp     kcrisp@irell.com
- Peter A Davidson     pdavidson@mdfslaw.com, lpekrul@ecjlaw.com
- Joseph C Delmotte     ecfcacb@piteduncan.com
- Willis B Douglass     Willis.B.Douglass@irscounsel.treas.gov
- Jeffrey W Dulberg     jdulberg@pszjlaw.com
- Theresa H Dykoschak     tdykoschak@faegre.com
- Louis J Esbin     Esbinlaw@sbcglobal.net
- Charles J Filardi     abothwell@filardi-law.com
- H Alexander Fisch     afisch@stutman.com
- Parisa Fishback     pfishback@fishbacklawgroup.com
- Steven B Flancher     flanchers@michigan.gov
- J Rudy Freeman     rfreeman@linerlaw.com
- Anthony A Friedman     aaf@lnbyb.com
- Jerome Bennett Friedman     jfriedman@jbflawfirm.com,
  bbalonick@jbflawfirm.com;jmartinez@jbflawfirm.com
- Jose A Garcia     ecfcacb@piteduncan.com
- Jeffrey K Garfinkle     bkgroup@buchalter.com,
  jgarfinkle@buchalter.com;docket@buchalter.com;svanderburgh@buchalter.com
- Oscar Garza     ogarza@gibsondunn.com
- Barry S Glaser     bglaser@swjlaw.com
- Eric D Goldberg     egoldberg@stutman.com
- Nancy S Goldenberg     nancy.goldenberg@usdoj.gov
- Stanley E Goldich     sgoldich@pszyjw.com
- Richard H Golubow     rgolubow@winthropcouchot.com,
  pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- Ronald F Greenspan     ron.greenspan@fticonsulting.com
- Kevin Hahn     kevin@mclaw.org
- Farhad Hajimirzaee     fhajimirzaee@winston.com
- Matthew W Hamilton     mhamilton@fulcruminv.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

- D Edward Hays    ehays@marshackhays.com, ecfmarshackhays@gmail.com
- Daniel L Hembree    ecfcacbsfv@piteduncan.com
- Garrick A Hollander    ghollander@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- Thomas J Holthus    bknotice@mccarthyholthus.com
- Gil Hopenstand    ghopenstand@wwolawyers.com
- David I Horowitz    david.horowitz@kirkland.com, keith.catuara@kirkland.com;terry.ellis@kirkland.com;jay.bhimani@kirkland.com
- Eric D. Houser    scleere@houser-law.com
- James KT Hunter    jhunter@pszjlaw.com
- Jay W Hurst    jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us
- Douglas R Irvine    irvine@lbbslaw.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- David Kaplan    dkaplan@irell.com
- Grant C Keary    gck@dlklaw.com
- John W Kim    jkim@nossaman.com
- Benjamin J Kimberley    bkimberley@winston.com, kmorris@winston.com;hhammon@winston.com;docketsf@winston.com
- Jessica Kronstadt    jessica.kronstadt@lw.com
- Donna L La Porte    donna@laportelaw.net
- David B Lally    davidlallylaw@gmail.com
- Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;ssaad@landsberg-law.com
- Scott Lee    slee@lbbslaw.com
- Leib M Lerner    leib.lerner@alston.com
- Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- Ganna Liberchuk    gliberchuk@haincapital.com
- Kerri A Lyman    klyman@irell.com
- William Malcolm    bill@mclaw.org
- Gregory A Martin    gmartin@winston.com
- Laura E Mascheroni    lmascheroni@corbsteel.com
- David E McAllister    ecfcacb@piteduncan.com
- Christopher M McDermott    ecfcacb@piteduncan.com
- Scotta E McFarland    smcfarland@pszjlaw.com, smcfarland@pszjlaw.com
- David J Mccarty    dmccarty@sheppardmullin.com, pibsen@sheppardmullin.com
- David W. Meadows    david@davidwmeadowslaw.com
- Robert K Minkoff    rminkoff@jefferies.com
- Catherine A Moscarello - SUSPENDED    catherine@moscarellolaw.com
- Tania M Moyron    tmoyron@peitzmanweg.com
- Randall P Mroczynski    randym@cookseylaw.com
- Sean A Okeefe    sokeefe@okeefelc.com
- John D Ott    Jott@jdolawyers.com
- Daryl G Parker    dparker@pszjlaw.com
- Renee M Parker    bknotice@earthlink.net, bknotice@rcolegal.com;bknotice@earthlink.net

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
DOCS_LA:251625.9 30395-005

F 9013-3.1.PROOF.SERVICE

- JaVonne M Phillips    bknotice@mccarthyholthus.com
- Dean G Rallis Jr    drallis@sulmeyerlaw.com
- Kurt Ramlo    kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Justin E Rawlins    jrawlins@winston.com, docketla@winston.com
- Richard J Reynolds    glatimer@trlawyers.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Karen Rinehart    krinehart@omm.com
- Ronald D. Roup    ecf@rouplaw.com
- Eric E Sagerman    esagerman@winston.com, docketla@winston.com
- Nicholas W Sarris    nsarris@kbrlaw.com
- Robert M Saunders    rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- Kristin A Schuler-Hintz    bknotice@mccarthyholthus.com
- Nathan A Schultz    nschultzesq@gmail.com
- David B Shemano    dshemano@peitzmanweg.com
- Timothy J Silverman    tim@sgsslaw.com
- Michael R Stewart    mstewart@faegre.com
- Sean Sullivan    ssullivan@wildman.com, jchang@wildman.com
- Julia Szafraniec    bknotice@mccarthyholthus.com
- Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com
- Patricia B Tomasco    ptomasco@mailbmc.com
- Robert Trodella    robert.trodella@hellerehrman.com
- Robert Trodella    rtrodella@jonesday.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com
- Andrew F Whatnall    awhatnall@daca4.com
- John M White - SUSPENDED -    scleere@houser-law.com
- David L Wilson    dlwilson@winston.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com,
  pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Jennifer C Wong    bknotice@mccarthyholthus.com
- Rolf S Woolner    rwoolner@winston.com
- Donald A Workman    dworkman@bakerlaw.com
- S Christopher Yoo    cyoo@adornoca.com
- Les A Zieve    bankruptcy@zievelaw.com

2. **SERVED BY UNITED STATES MAIL**:

**Liquidating Trustee**
Ronald Greenspan/Tamara McGrath
FTI Consulting, Inc.
633 West 5th Street, Suite 1600
Los Angeles, CA  90071-2027

**U.S. Trustee's Office**
Nancy S. Goldenberg, Esq.
Office of the U.S. Trustee
411 W. Fourth Street, Ste. 9041
Santa Ana, CA 92701-4593

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
**F 9013-3.1.PROOF.SERVICE**
DOCS_LA:251625.9 30395-005

Merrill Lynch Mortgage Investors Trust
Derrick Talerico, Esq.
Loeb & Loeb LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA  90067

**POST-EFFECTIVE DATE**
**COMMITTEE**

Attorneys for Fidelity (f/k/a LSI)
Donald A. Workman, Esq.
Baker Hostetler
1050 Connecticut Ave., NW, Ste. 1100
Washington, DC  20036-5304

Michael A. Criscito/Megan Kane
DLJ Mortgage Capital, Inc.
11 Madison Avenue
New York, NY  10010

Attys. for DLJ
Samuel Newman/Sarah Powers
Gibson, Dunn and Crutcher LLP
333 S. Grand Ave., Ste. 4600
Los Angeles, CA  90071-3197

Dennis Hastings/Carla Hastings
iDirect Marketing, Inc.
6789 Quail Hill Parkway, Suite 550
Irvine, CA  92603

Neil Luria/George Koutsonicolis
Residential Funding Corporation
c/o Navigant Capital Advisors, LLC
15900 South Park Blvd.
Shaker Heights, OH  44120

Attys. for Residential Funding
David J. McCarty/Theodore Cohen
Sheppard, Mullin, Richter & Hampton
LLP
333 S. Hope St., 48th Flr.
Los Angeles, CA  90071

**REQUEST FOR SPECIAL NOTICE**
**POST-PETITION**

Ben Barker
2932 Zircon Pl.
Carlsbad, CA  92004-4414

Attys. for Robert Harris and David
Cronenbold
Richard B. Specter, Esq.
Corbett, Steelman & Specter
18200 Von Karman Avenue, Ste. 900
Irvine, CA  92612-1086

Attys. for Residential Funding
Company
Michael Stewart/Theresa Dykoschak
Faegre & Benson LLP
90 South Seventh Street
Minneapolis, MN  55402-3901

Attys. for Residential Funding
Company
David McCarty/Theodore Cohen
Sheppard, Mullin, Richter & Hampton
LLP
333 S. Hope Street, 48th Flr.
Los Angeles, CA  90071-1448

Attys. for Fidelity National
Donald A. Workman, Esq.
Baker & Hostetler LLP
1050 Connecticut Ave., N.W., Ste.
1100
Washington, DC  20036-5304

Attys. for Fidelity National
Joseph L. Chairez, Esq.
Baker & Hostetler LLP
600 Anton Blvd., Ste. 900
Costa Mesa, CA  92626

Attys. for HSBC Mortgage Services,
Inc.
Lance Jurich / Derrick Talerico
Loeb & Loeb LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, CA  90067

Attys. for HSBC Mortgage Services,
Inc.
Stanley Orszula, Esq.
Loeb & Loeb LLP
321 North Clark Street, Suite 2300
Chicago, IL  60654

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

# F 9013-3.1.PROOF.SERVICE

DOCS_LA:251625.9 30395-005

Attys. for Washington Mutual Bank
Robert A. Trodella, Jr.
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104

Hain Capital Group, LLC
James Yenzer
Hain Capital Group, LLC
301 Route 17, 7th Floor
Rutherford, NJ  07070

Attys. for Neil Kornswiet
Daniel L. Alexander, Esq.
Coleman Frost LLP
429 Santa Monica Blvd., Suite 700
Santa Monica, CA  90401

Attys. for The C-BASS Liquidation
Trust
Mark Power/Jeffrey Zawadzki/
Christopher Hunker
Hahn & Hessen LLP
488 Madison Avenue
New York, NY  10022

**ADMINISTRATIVE CLAIMS**

Attys. for Neil Kornswiet
Gary Klausner/H. Fisch
Stutman, Treister & Glatt
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067

Attorneys for Creditor David Zimmer
Sara Chenetz, Esq.
Blank Rome LLP
1925 Century Park E 19th FL
Los Angeles, CA 90067

**D&O DEFENDANTS**

Attorneys for Neil B. Kornswiet
Mark Holscher, Esq., Michael Baumann, Esq.
David I. Horowitz, Esq., Jay L. Bhimani, Esq.
Kirkland & Ellis LLP
333 S. Hope Street
Los Angeles, CA  90071

Attorneys for Robert L. Harris, David F.
Cronenbold, and Victor Coleman
Richard B. Specter, Esq.
Laura E. Mascheroni, Esq.
Corbett, Steelman & Specter
18200 Von Karman Ave., #900
Irvine, CA  92612-1023

Attorneys for Kathleen Lipps
Russell F. Sauer Jr., Esq., Charles W. Cox,
Esq.
Anita P. Wu, Esq.
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA  90071-1560

Attorneys for Brad Plantiko
A. Matthew Ashley, Esq.,
Scott D. Baskin, Esq.
Kevin A. Crisp, Esq.
Irell & Manella LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660-6324

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:251625.9 30395-005